UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of FRANCK BERLAMONT for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings.

Misc. Case No. M 19-84

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the concurrently filed Declaration of Samuel Shapiro and Memorandum of Law, Petitioner Franck Berlamont hereby asks this Court *ex parte* to endorse the Order annexed as Exhibit A to the Declaration of Samuel Shapiro, which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Hunton & Williams LLP with the subpoena annexed as Exhibit B to the Declaration of Samuel Shapiro.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in connection with a criminal proceeding currently pending before a foreign tribunal in Switzerland: *Procédure Pénale n° P/4010/2009 Franck Berlamont c/Manuel Echeverría* (the "Swiss Proceeding").

The party to be subpoenaed is a law firm that has possession of the deposition transcript and related exhibits of Rajiv Jaitly, which Petitioner seeks for use in the Swiss Proceeding.

Based on allegations that Banco Santander, S.A.'s Optimal Investment Services, S.A. ("Optimal") made misrepresentations regarding its review and management of funds it had invested with Bernard Madoff on behalf of its clients, Petitioner presented a criminal complaint, in June 2009, to Geneva's public prosecutor who opened a criminal probe. Petitioner sustained

significant losses, both personally and on behalf of his clients, on the investments he made with Optimal Strategic U.S. Equity Fund managed by Optimal, which in turn invested those funds with Bernard Madoff. As Bloomberg News reported, "Optimal clients lost about 2.3 billion euros ($3.2 billion) on investments with Madoff, who pleaded guilty to 11 counts of fraud after running a $65 billion Ponzi scheme and is awaiting sentencing on June 29." Ex. C.[1] In August 2009, Geneva investigating magistrate Marc Tappolet charged Manuel Echeverría (Optimal's former director general) with disloyal management with the aim of self-enrichment as part of the probe. Petitioner, as the complainant, has the opportunity to present evidence against Mr. Echeverría. The evidentiary phase of the Swiss Proceeding is nearing completion and the prosecutor has announced that he will hold his final hearing in August 2014. Prior to the completion of the evidentiary phase, however, the prosecutor intends to depose Mr. Jaitly on July 22, 2014.

While the Swiss Proceeding was pending, on May 18, 2010, Optimal Investor Group (a group of clients who had invested with Optimal Strategic U.S. Equity Fund) and others brought suit against Banco Santander, S.A., and others in the Southern District of New York. *See Rembaum et al. v. Banco Santander, S.A., et al.*, 10 Civ. 4095 (S.D.N.Y.).

The defendants in *Rembaum*, represented by Hunton & Williams LLP, moved to dismiss the case, in part, on the grounds of *forum non conveniens*. Defendants argued that "both Ireland and Switzerland are adequate alternative forums . . . [because] all Defendants are amenable to service of process (Banco Santander and OIS) or, through this brief, each expressly consents to the jurisdiction of the courts in those countries (Jonathan Clark, and, to the extent necessary, Banco Santander and OIS)." Ex. O at 6.

---

[1] All citations to "Ex. __" herein refer to exhibits to the Declaration of Samuel Shapiro, dated June 18, 2014, submitted herewith.

After initially denying defendants' motion, on August 10, 2012, this Court, the Honorable Shira A. Scheindlin presiding, granted a renewed motion to dismiss on *forum non conveniens* grounds. The Court held Switzerland was an appropriate forum and specifically referred to the Swiss Proceeding when noting that "a Swiss prosecutor has brought a criminal action against Echeverría arising out of the same facts at issue in this litigation." Ex. G at 21 & n. 76 (citing *Procédure Pénale no. P/4010/2009 Franck Berlamont c/Manuel Echeverria*).

This Court also invoked the availability of documents produced in *Rembaum* for litigation in Switzerland as a basis for its dismissal on *forum non conveniens* grounds. "[T]he extensive discovery that has occurred does not counsel against dismissal," the Court reasoned, "because defendants have consented to permit such discovery to be used in a Swiss proceeding and *dismissal is conditioned on plaintiffs' ability to use discovery already obtained in this case when the case is re-filed in Switzerland*." Ex. G at 19 (emphasis added).

Among the discovery that was obtained in the *Rembaum* litigation was the deposition transcript and related exhibits from Optimal's Senior Risk Officer, Rajiv Jaitly. Mr. Jaitly's testimony, and the exhibits associated therewith, directly relate to Optimal's review and management of the Madoff investments. For example, in a decision dated October 14, 2011, this Court cited to evidence that Mr. Jaitly authored an internal report that identified "the current inability to verify actual trading activity in the market through counterparty and other market user intelligence as one of the difficulties with [the Madoff] account." Ex. G at 25. The Court also noted that "Jaitly issued the following warning: 'No request was made to review how a trade is made. There is absolutely no reason Optimal should not make such a request.'" *Id.*

It is critical that the Swiss prosecutor have the transcript and exhibits from Mr. Jaitly's deposition in the *Rembaum* case because they provide insight into Mr. Jaitly's relevant

knowledge and thus will help the prosecutor properly focus his questions to Mr. Jaitly.

A little less than two years after this Court's dismissal of the *Rembaum* litigation, on May 23, 2014, Petitioner's counsel wrote to Optimal's New York counsel in the *Rembaum* case, Hunton & Williams LLP, to request the production of the deposition transcript of Mr. Jaitly (and any related exhibits) for use in the Swiss Proceeding. In a letter response on June 5, 2014, Hunton & Williams LLP refused. Despite Petitioner's repeated written request on June 5, 2014, Hunton & Williams LLP has still declined to provide the documents on consent.

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. It is apparent that Mr. Jaitly's testimony is directly relevant to key issues in the Swiss Proceeding regarding Optimal's knowledge concerning its investments in Madoff's Ponzi scheme. As the complaining witness in the Swiss Proceeding, Petitioner is an "interested person." The target of this discovery, Hunton & Williams LLP, is found within this district. Moreover, as set forth in its Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004) (describing discretionary factors). Petitioner must obtain the transcript and exhibits from Mr. Jaitly's prior testimony as soon as possible so that the Swiss prosecutor may use it to prepare for Mr. Jaitly's July 22, 2014 Swiss deposition.

Accordingly, Mr. Berlamont respectfully requests that the Court grant his *ex parte* application for an Order (in the form annexed as Exhibit A to the Declaration of Samuel Shapiro) granting him leave to serve Hunton & Williams LLP with the subpoena annexed to the Declaration of Samuel Shapiro as Exhibit B.

Dated: June 18, 2014

                                             EMERY CELLI BRINCKERHOFF
                                             & ABADY LLP

                                             _____
                                             O. Andrew F. Wilson
                                             Samuel Shapiro
                                             75 Rockefeller Plaza, 20th Floor
                                             New York, New York 10019
                                             (212) 763-5000

                                             *Attorneys for Franck Berlamont*