# *<u>EXHIBIT B</u>*

IN THE HIGH COURT OF JUSTICE                               CR 2012-282

QUEEN'S BENCH DIVISION

THE SENIOR MASTER

IN THE MATTER OF THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975

AND IN THE MATTER OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

AND IN THE MATTER OF A CIVIL PROCEEDING NOW PENDING BEFORE THE NEW YORK FEDERAL COURT FOR THE SOUTHERN DISTRICT OF NEW YORK KNOWN AS IN RE OPTIMAL U.S. LITIGATION No. 10-cv-4095 (SAS) ECF CASE

---

### ORDER FOR EXAMINATION

---

Richard Slade and Company
Ground Floor East
9 Gray's Inn Square
Gray's Inn
London
WC1R 5JD

T: 020 3330 0900
F: 020 7806 8267

DX141 London/Chancery Lane

Ref: RH/In Re Optimal Letters Rogatory

IN THE HIGH COURT OF JUSTICE                                    CR 2012-281

QUEEN'S BENCH DIVISION

THE SENIOR MASTER

IN THE MATTER OF THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975

AND IN THE MATTER OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

AND IN THE MATTER OF A CIVIL PROCEEDING NOW PENDING BEFORE THE NEW YORK FEDERAL COURT FOR THE SOUTHERN DISTRICT OF NEW YORK KNOWN AS IN RE OPTIMAL U.S. LITIGATION No. 10-cv-4095 (SAS) ECF CASE

10th JUNE 2012

15 JUN 2012

## AMENDED ORDER FOR EXAMINATION

**UPON READING** the Plaintiffs' Application Notice dated 11 May 2012

**AND UPON READING** the Letter of Request dated 3 May 2012 from the New York District Court for the Southern District of New York annexed to the Plaintiffs' Application Notice

**AND UPON READING** the witness statements of Richard John Homewood made on 10 May 2012 and Exhibit "RJH1" and on 13 June 2012

**AND IT APPEARING** that there are proceedings in the New York District Court for the Southern District of New York which Court wishes to obtain the oral evidence of Rajiv Jaitly

**IT IS ORDERED THAT:-**

1. Pursuant to s.2 of The Evidence (Proceedings in Other Jurisdictions) Act 1975, evidence may be taken orally by examination from Rajiv Jaitly ("Mr Jaitly").

2. The examination of Mr Jaitly (the "Examination") shall take place at Merrill Corporation 101 Finsbury Pavement 2nd Floor London EC4M 1ER on 16 July 2012 or such other day as the Examiner may appoint and shall commence at 9am.

1

3. The Examination shall last no more than 7 hours in duration unless the Examiner permits.

4. The Examination shall be conducted in accordance with the Civil Procedure Rules 1998 (the "CPR").

5. Mr Allen Dyer, having been appointed by the Lord Chancellor under CPR R.34.15 as an Examiner of the Court, shall be the "Examiner" within the meaning of CPR34 for the purposes of the Examination.

6. The Examination shall be conducted in the following manner:

   (a) the Examination shall take place in private at Merrill Corporation 101 Finsbury Pavement 2nd Floor London EC4M 1ER;

   (b) Mr Jaitly shall give his evidence orally;

   (c) Mr Jaitly shall give his evidence under oath or affirmation, by making the following statement orally immediately prior to giving evidence: "I [swear/affirm] that the testimony I shall give will be the truth, the whole truth, and nothing but the truth";

   (d) the Plaintiffs' U.S. trial counsel shall be permitted to examine Mr Jaitly in chief for a maximum of 6 hours or such other period as the Examiner may permit and cross-examine and re-examine Mr Jaitly as necessary within that period;

   (e) following the conclusion of the Plaintiffs' U.S. trial counsel's examination-in-chief of Mr Jaitly, the Defendants' U.S. trial counsel and/or legal representatives instructed by Mr Jaitly shall be permitted to question Mr Jaitly for no longer than 1 hour or such other period as the Examiner may permit and cross-examine and re-examine that witness as necessary within that period;

   (f) the Plaintiffs' U.S. trial counsel for the purposes hereof means one or more of the following persons: Mr Javier Bleichmar of Labaton Sucharow LLP and/or other Plaintiffs' U.S. trial counsel;

   (g) only those questions which are relevant to the subject matter listed in Schedule A to this Amended Order may be asked of Mr Jaitly in the Examination;

   (h) the purpose of questioning in the Examination shall be for the purpose only of eliciting and recording testimony appropriate to be given at the trial in the New York District Court for the Southern District of New York;

   (i) no question shall be asked of Mr Jaitly that in the opinion of the Examiner is not a question of the nature that could be properly asked by counsel examining a witness at a trial in the High Court of Justice of England and Wales.

7. The Plaintiffs shall arrange for the Examination to be videotaped and for a qualified stenographer to attend the Examination and there to transcribe the evidence of Mr Jaitly.

8. The Plaintiffs shall, by their Solicitors Richard Slade and Company, forthwith upon receipt of the transcript and videotape of the Examination, send the same to the Examiner.

9. The Examiner shall, forthwith upon receipt of a copy of the transcript and video tape of the Examination, send the same to the Senior Master, together with a certified copy of the documents produced to the Examiner for onward transmission to the New York District Court for the Southern District of New York.

10. A copy of this Amended Order shall be served forthwith on the Plaintiffs, the Defendants and Mr Jaitly.

11. The Examiner shall be entitled to be paid his fees and expenses of the Examination. Such fees and expenses shall be paid by the Plaintiffs.

12. Mr Jaitly shall be at liberty to apply to the Senior Master or in his absence a Master, to set aside or vary this Amended Order, with 3 business days' notice to the Plaintiffs within 7 business days of service of the Amended Order upon him.

13. The parties and Mr Jaitly shall be at liberty to apply to the Senior Master or in his absence to another Master.

14. The Plaintiffs shall pay Mr Jaitly's reasonable costs of attending the Examination to give evidence. The parties shall be at liberty to apply, if those costs are not agreed, for a summary or detailed assessment.

Dated the [ ] day of June 2012

## SCHEDULE A

The subject matters on which Mr Jaitly is to be examined, for the time period from the date of the start of his employment with Optimal Investment Services, S.A. ("OIS") Banco Santander S.A. and/or an affiliated entity through January 1, 2009, include his direct knowledge and/or involvement in the following:

1. The due diligence conducted on Bernard L. Madoff ("Madoff") and Optimal Strategic U.S. Equity Ltd ("Optimal U.S." or the "Fund") by Defendants Banco Santander, S.A. ("Banco Santander"), OIS, and Jonathan Clark, including the process by which Madoff and Optimal U.S. were monitored and investigated, reports prepared on Madoff and Optimal U.S., and if, when, and how Defendants learned of the "red flags" set forth in Plaintiffs' Fourth Amended Complaint.

2. The risks associated with Optimal U.S.

3. The supervision and control of OIS by Banco Santander.

4. The preparation of Optimal U.S. Explanatory Memoranda, including the process of deciding which information to include in the Explanatory Memoranda.

5. The duties and job responsibilities of Defendant Jonathan Clark.

6. OIS's duties and responsibilities with respect to the Fund.

7. Any matters arising from the Mr Jaitly's responses to the matters at (1) - (6) above.