```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re Application of FRANCK          :    14-mc-00190 (JSR)
BERLAMONT for an Order Pursuant to   :
28 U.S.C. § 1782 to Conduct          :    MEMORANDUM ORDER
Discovery for Use in Foreign         :
Proceedings.                         :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.                     8/4/14

    Petitioner Franck Berlamont commenced the instant proceeding on June 18, 2014, seeking to obtain pursuant to 28 U.S.C. § 1782 transcripts and exhibits (hereinafter referred to as the "Jaitly documents") associated with an examination of one Rajiv Jaitly conducted during discovery in a case formerly pending before this Court, *Rembaum et al. v. Banco Santander, S.A., et al.*, 10-cv-4095 ("*Rembaum*").[1] The stated purpose of the requested production of the Jaitly documents was to aid in a Swiss criminal investigation of Jaitly's former colleague in Optimal Investment Services ("OIS"), Manuel Echevarria. The application was originally brought *ex parte*, and on June 20, 2014, Judge Gardephe granted this application, including a subpoena issued to OIS's counsel, Hunton and Williams ("H&W"). OIS and H&W now seek to have this Court vacate the Order granting petitioner's § 1782 application and quash the subpoena, or in the alternative, to have this Court issue a protective order to

---

[1] During discovery in *Rembaum*, the parties sought an examination of Jaitly, who was residing in England at the time. The *Rembaum* Court issued Letters Rogatory to the English High Court of Justice, Queen's Bench Division, requesting that Jaitly's examination be ordered in London. Declaration of Shawn Patrick Regan, dated June 30, 2014 ("Regan Decl."), Exhibit ("Ex.") A. The English High Court granted the application and ordered the examination of Jaitly. Regan Decl., Ex B.

1

maintain the confidentiality of the documents that petitioner requests.

In the interests of international comity, 28 U.S.C. § 1782 permits federal courts to grant discovery within the United States for use in foreign proceedings. *See, e.g.*, *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (stating that the goal of § 1782 is to "provide 'equitable and efficacious' discovery procedures in the United States courts 'for the benefit of tribunals and litigants involved in [international] litigation'"). OIS and H&W allege that the § 1782 Subpoena should be quashed because, allegedly, (1) Berlamont has failed to show that the requested documents are for "use in a foreign proceeding" as required by § 1782; (2) the *Intel* factors counsel against granting § 1782 aid, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004); (3) the *Rembaum* proceedings do not permit disclosure of the Jaitly documents; (4) Swiss attorney-client privilege prohibits disclosure of the Jaitly documents; and (5) the Hague Convention and principles of comity prohibit disclosure of the requested documents. The Court, for the reasons following, denies the motion in its entirety.

First, OIS and H&W's argument that Berlamont somehow fails to satisfy the "for use in a foreign proceeding" prong of § 1782 because Berlamont is not attempting to admit the Jaitly documents into evidence in a foreign Court, is without merit. A complaining witness's presentation of evidence to an investigating magistrate

2

satisfies the "for use" prong of § 1782. *Intel*, 542 U.S. at 257-58. Here, the Swiss prosecutor, Marc Tappolet, has explicitly stated that "[t]he official report and explanations in the United States by Mr. Rajiv Jaitly . . . is of great usefulness for my inquiry." Declaration of O. Andrew F. Wilson dated July 15, 2014 ("Wilson Supp. Decl."), Ex. A at 1. Thus the Court finds that the Jaitly documents are for "use in a foreign proceeding" as required by § 1782.

Second, the *Intel* factors weigh in favor of granting aid in this instance. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding (in which case the discovery can be sought through other means); (2) the nature of the foreign tribunal and the receptivity of the foreign court to federal court assistance; and 3) whether the application is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65. Here, 1) OIS and H&W are not parties to the Swiss proceeding; 2) the Swiss prosecutor has explicitly stated that the Jaitly documents are "of great usefulness" for the foreign proceeding, Wilson Supp. Decl., Ex. A at 1; and 3) the petitioner is seeking a specific, discrete set of documents that are easily identifiable and not unduly burdensome.

Third, the *Rembaum* proceedings do not prevent the Court from granting Berlamont's application. To begin with, the *Rembaum* Confidentiality Order does not prevent the Court from granting Berlamont's application. While the parties dispute whether the

3

Confidentiality Order applies to the Jaitly documents, it is undisputed that the Confidentiality Order in Rembaum explicitly states that "[n]othing contained herein shall prevent disclosure to persons who are not Qualified Persons under the terms of this Confidentiality Stipulation and Order if . . . the Court, after notice to all affected persons, allows such disclosure." Declaration of Shawn Patrick Regan, dated June 30, 2014 ("Regan Decl."), Ex. C at 8. This is the situation here.

Additionally, the Letters Rogatory in Rembaum do not prevent the Court from granting Berlamont's application. OIS and H&W argue that English law of confidentiality applies to this case because the Letter Rogatory states "[t]he District Court additionally requests that the confidentiality of any evidence produced be maintained pursuant to the laws of England." Regan Decl., Ex. A. at 10. However, the Order that governed the Jaitly examination in England was not the Letters Rogatory, which are nothing but a request for judicial assistance, but rather the English High Court's Order, Regan Decl., Ex. B, which contains no reference to the language in the Letters Rogatory on which OIS and H&W rely.

Fourth, Swiss attorney-client privilege does not prohibit disclosure. In fact, Swiss privilege law does not even apply here because the Jaitly documents, in the language of relevant authority, fail to "touch base" with Switzerland. See, e.g., Anwar v. Fairfield Greenwich Ltd., 982 F. Supp. 2d 260, 264 (S.D.N.Y 2013). Instead, the Jaitly documents are located in New York, were created and

4

produced in the context of a case pending in New York, and are being sought from United States lawyers in a court in New York pursuant to a United States statute.

Fifth, neither the Hague Convention nor principles of comity prohibit disclosure. OIS and H&W argue that granting the application contravenes Article 1 of the Hague Convention, which prohibits using Letters Rogatory "to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated." Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 1 July 27, 1970, U.S.T. 2555, 847 U.N.T.S. 231. But Berlamont's application does not run afoul of this treaty language because Article 1 does not impose any restrictions on the subsequent use of evidence obtained pursuant to properly issued Letters Rogatory. OIS and H&W's appeal to principles of comity is also misplaced, as the English High Court's Order includes no express condition that Jaitly's examination only be used in Rembaum.

For the foregoing reasons, OIS and H&W's motion is hereby denied in its entirety. The Clerk of the Court is directed to close docket numbers 1, 7, and 10 on the docket of this case.

SO ORDERED.

Dated: New York, NY
August 1, 2014

JED S. RAKOFF, U.S.D.J.

5