UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of FRANCK BERLAMONT for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | 14 MISC. 00190 |

# OPTIMAL INVESTMENT SERVICES, S.A. AND HUNTON & WILLIAMS LLP'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL

**HUNTON & WILLIAMS LLP**
Shawn Patrick Regan, Esq.
200 Park Avenue, 52nd Floor
New York, New York 10166
Telephone: (212) 309-1000
Facsimile: (212) 309-1100
Email: sregan@hunton.com

- and -

Samuel A. Danon, Esq. (*pro hac vice*)
Gustavo J. Membiela, Esq. (*pro hac vice*)
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
Email: sdanon@hunton.com
Email: gmembiela@hunton.com

*Counsel for Optimal Investment Services, S.A. and Hunton & Williams LLP*

I.      **The Only Contested Issue Is The Duration of the Stay.**

Berlamont, in his Opposition, agrees that a stay of at least 30 days is warranted. Thus, the only issue for this Court to determine is whether it is more efficient to (i) stay this action for 30 days, then burden the Part I Judge with another stay application, or (ii) stay the action pending disposition of the Movants' appeal, which the Second Circuit has ordered to be resolved on an expedited schedule, thereby eliminating Berlamont's arguments based on his fears of a protracted appeal. Berlamont offers nothing to support the former approach, which would only create more work for the parties' counsel and the Court. The latter option is more efficient for both the Court and the Parties and also balances the interests that a properly crafted stay is intended to protect. The Movants will not be forced to turn over the documents before the Second Circuit can review the merits of their appeal, which would effectively strip the Movants of their right to appellate review. At the same time, Berlamont would be assured that, if he prevails, he will have the documents with ample time to use them in the Swiss proceedings. Moreover, in light of the Second Circuit's recent Order expediting the appeal — entered the day after Berlamont submitted his Opposition brief — a stay pending appeal is unlikely to be substantially longer than the 30 days to which Berlamont already has consented.

II.     **The Second Circuit's Order Expediting the Appeal Warrants a Stay Pending Appeal.**

The Second Circuit has ordered that briefing of the appeal be completed by "September 26, 2014, with argument to occur as quickly as possible thereafter, subject to the approval of the presiding judge." (*See* Second Circuit Order, dated August 20, 2014, attached as Exhibit A to Declaration of Shawn Patrick Regan.) In his Opposition, which was filed the day before the Second Circuit entered that Order, Berlamont had argued as follows:

> In *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011), the principal case on which [Movants] rely, a stay was granted pending an ***expedited appeal***. *See*

> *Chevron*, 629 F.3d at 305-06. The Second Circuit granted a stay of the District Court's order on June 8, 2011 and decided the appeal thirty-seven days later, on July 15, 2011. *See id.* Mr. Berlamont has requested such a schedule in this appeal . . . . Granting a limited stay is consistent with the reasoning in *Chevron* in that it balances [Movants'] desire to be heard on appeal with Mr. Berlamont's need to obtain the Jaitly materials forthwith.

(D.E.-35, Berlamont's Opp., at 7-8 (emphasis in original).)

Berlamont is correct that *Chevron* involved the grant of a stay pending an expedited appeal. In light of the now expedited schedule of the appeal in this action, it is clear that the appeal, and the requested stay, is not at all likely to be "draw[n]…out for months," which Berlamont had argued the Movants were attempting to do. (*Id.* at 8.) Indeed, Berlamont's Opposition was based almost entirely on the premise that the appeal might not be decided "for another ten to twelve months." (*Id.* at 6; *see also id.* at 7 ("Mr. Berlamont's motion to expedite the appeal could be denied, which may effectively postpone production of the Jaitly materials for nearly a year.").) Now that the Second Circuit has removed the possibility of such extended proceedings on appeal, the Movants' requested stay pending appeal is consistent not only with *Chevron*, but also with the positions taken in Berlamont's Opposition.

### III.   A Stay Pending Appeal is The Most Efficient Course of Action.

Berlamont contends that this Court should grant only "a limited thirty-day stay of these proceedings, subject to an application to renew," rather than a stay pending an appeal. (*Id.* at 1.) Movants appreciate the fact that Berlamont has consented to a 30-day stay; however, Berlamont cites no authority for why this Court should grant a 30-day stay instead of a stay pending the disposition of the now expedited appeal. Importantly, Berlamont requested the 30-day stay ***before*** the Second Circuit expedited the appeal.

Berlamont's Opposition argued that a more limited 30-day stay is appropriate because, "[b]y that time, the appellate schedule should be confirmed and Mr. Berlamont will hopefully have more clarity regarding the relevant deadlines in the Swiss Proceeding." (*Id.* at 8.) But the appellate schedule has now been confirmed, eliminating Berlamont's primary argument for a 30-day stay. Berlamont's secondary reason — that he "will hopefully have more clarity regarding the relevant deadlines in the Swiss Proceeding" — is too hypothetical and uncertain to be given any weight. The Declaration of Berlamont's counsel demonstrates that the so-called "deadlines" in the Swiss proceeding are subject to change at the whim of the Swiss Prosecutor. (*See* D.E.-36, Decl. of O. Andrew F. Wilson, at ¶ 3 ("On August 15, 2014, I was also informed by Mr. Berlamont's Swiss counsel that the close of the evidentiary phase of the Swiss Proceeding has been extended [by the Swiss prosecutor] from September 23, 2014 until October 7, 2014.").) Such an illusory deadline does not justify artificially limiting the stay.

Moreover, there is likely to be little practical difference between the stay to which Berlamont has consented (30 days) and a stay pending disposition of the appeal. This motion is returnable on September 2, 2014. Assuming arguendo this Court were to enter a stay as of the return date for this motion, even the minimum consented-to stay of 30 days would extend through October 2. By that date, the Parties will have completed briefing before the Second Circuit. Given that the Second Circuit has ordered oral argument to "occur as quickly as possible" after the close of briefing, it is clear that the Circuit is sensitive to the time constraints and is likely to schedule argument and rule

expeditiously. Therefore, the actual length of a stay pending appeal is unlikely to be materially longer than the stay to which Berlamont has consented already.

Berlamont's suggested alternative — a 30-day stay "subject to renewal" — is both unnecessary and inefficient, as it would require the Parties to expend additional resources addressing the ancillary stay issue yet again at a point when the appeal will be fully briefed and the Second Circuit will be poised to rule on the merits. Of course, if new facts develop warranting the lifting of the stay, nothing would preclude Berlamont from making such an application.

## IV.   Conclusion

For the foregoing reasons, Movants respectfully request that the Court enter an order granting a temporary stay of the Order pending disposition of the expedited appeal.

Dated: August 26, 2014

Respectfully submitted

   /s/ Shawn Patrick Regan
Shawn Patrick Regan, Esq.
**HUNTON & WILLIAMS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000
Facsimile: (212) 309-1100
Email: sregan@hunton.com

- and -

Samuel A. Danon, Esq. (*pro hac vice*)
Gustavo J. Membiela, Esq. (*pro hac vice*)
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
Email: sdanon@hunton.com
Email: gmembiela@hunton.com

*Counsel for Optimal Investment Services, S.A. and Hunton & Williams LLP*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of August, 2014 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will issue an electronic notification of filing to all counsel of record.

                                                    /s/ Shawn Patrick Regan
                                                      Shawn Patrick Regan