# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

N.Y.S.D. Case # 14-mc-190(JSR)

**MANDATE**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand and fourteen.

Before:    John M. Walker, Jr.,
           José A. Cabranes,
           Susan L. Carney,
                *Circuit Judge*s.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 18, 2014

---

In Re Application for an Order Pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in Foreign Proceedings

---

Optimal Investment Services, S.A., Hunton & Williams LLP,

   Movants-Appellants,

v.

Franck Berlamont,

   Appellee.

**JUDGMENT**
Docket No. 14-2807-cv

---

The appeal in the above captioned case from an order of the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the August 4, 2014 order of the district court denying appellants' motion to vacate the discovery order and quash the subpoena is AFFIRMED.

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

**MANDATE ISSUED ON 12/18/2014**

14-2807-cv
*In Re Application for an Order*

# In the

# United States Court of Appeals

# For the Second Circuit

————

AUGUST TERM, 2014

No. 14-2807-cv

IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO
CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

————

OPTIMAL INVESTMENT SERVICES, S.A., HUNTON & WILLIAMS LLP,
*Movants-Appellants*,

*v.*

FRANCK BERLAMONT,
*Appellee.*[1]

————

Appeal from the United States District Court
for the Southern District of New York.
No. 14 MC 190 — Jed S. Rakoff, *Judge*

————

ARGUED: OCTOBER 24, 2014
DECIDED: DECEMBER 12, 2014

————

---

[1] The Clerk of Court is directed to amend the official case caption to conform with the caption above.

Before: WALKER, CABRANES, CARNEY, *Circuit Judges*.

————

The question presented is one of first impression in this Court—whether 28 U.S.C. § 1782, which authorizes federal courts to order document production for use in certain foreign proceedings, permits discovery for use in a foreign *criminal* investigation conducted by a foreign investigating magistrate.

Franck Berlamont ("Berlamont"), a Swiss criminal complainant, seeks from appellants the production of documents relating to the examination of Rajiv Jaitly ("Jaitly Documents") to provide to a Swiss investigating magistrate overseeing a criminal inquiry into a Bernard Madoff "feeder fund" in Switzerland. The Jaitly Documents were part of the discovery obtained in a case formerly pending before the United States District Court for the Southern District of New York, *Rembaum v. Banco Santander, S.A.*, No. 10 Civ. 4095 (S.D.N.Y.). The District Court (Paul G. Gardephe, *Judge*) ordered discovery pursuant to 28 U.S.C. § 1782, which permits federal courts to order document production "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." After Berlamont's *ex parte* § 1782 application was granted, appellants moved to vacate the order and quash the subpoena or, in the alternative, for a protective order. The District Court (Jed S. Rakoff, *Judge*) denied the motions.

We hold, based on the plain reading of § 1782, as well the law's legislative history, that the statute applies to a foreign criminal investigation involving an investigating magistrate seeking documents in the United States.

Accordingly, we **AFFIRM** the order of the District Court.

————

> THOMAS R. JULIN, Hunton & Williams LLP, Miami, FL, Shawn Patrick Regan, Hunton & Williams LLP, New York, NY, *for Movants-Appellants*.
>
> O. ANDREW F. WILSON, Samuel Shapiro, Emery Celli Brinckerhoff & Abady LLP, New York, NY, *for Appellee*.

————

JOSÉ A. CABRANES, *Circuit Judge*:

The question presented is one of first impression[2] in this Court—whether 28 U.S.C. § 1782, which authorizes federal courts to

---

[2] Section 1782 of Title 28 reads, in relevant part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.

28 U.S.C. § 1782(a).

order document production for use in certain foreign proceedings, permits discovery for use in a foreign criminal investigation conducted by a foreign investigating magistrate.[3]

Franck Berlamont ("Berlamont"), a Swiss criminal complainant, seeks from appellants the production of documents relating to the examination of Rajiv Jaitly ("Jaitly Documents") to provide to a Swiss investigating magistrate overseeing a criminal inquiry related to a Bernard Madoff "feeder fund" in Switzerland. The Jaitly Documents were part of the discovery obtained in a case formerly pending before the United States District Court for the Southern District of New York, *Rembaum v. Banco Santander, S.A.*, No. 10 Civ. 4095 (S.D.N.Y.). The District Court (Paul G. Gardephe, *Judge*) ordered discovery pursuant to 28 U.S.C. § 1782, which permits federal courts to order document production "for use in a

---

While we have analyzed § 1782's applicability to numerous different types of foreign proceedings, we have yet to rule squarely on the statute's applicability to a foreign criminal investigation conducted by a foreign investigating magistrate. *See, e.g., In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India*, 385 F.2d 1017 (2d Cir. 1967) (holding § 1782 inapplicable to discovery requested by an Indian income-tax officer).

[3] Although the record is sparse as to the specific institutional responsibilities of the Swiss investigating official, we adopt the terminology of the District Court, which referred to him as an "investigating magistrate." *In re Application of Franck Berlamont for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 14 Misc. 190, 2014 WL 3893953, at *1 (S.D.N.Y. Aug. 4, 2014). The investigating magistrate is a prominent feature of the European inquisitorial system. *See generally* Morris Ploscowe, *The Investigating Magistrate (Juge D'Instruction) In European Criminal Procedure*, 33 Mich. L. Rev. 1010, 1010 (1935) ("On the Continent all the functions which American law entrusts to police, prosecutors, coroners, grand jury, committing magistrate and defense attorney are concentrated in the hands of the [investigating magistrate].").

proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." After Berlamont's *ex parte* § 1782 application was granted, appellants moved to vacate the order and quash the subpoena or, in the alternative, for a protective order. The District Court (Jed S. Rakoff, *Judge*) denied the motions.

We hold, based on the plain reading of § 1782, as well the law's legislative history, that the statute applies to a foreign criminal investigation involving an investigating magistrate seeking documents in the United States.

Accordingly, we **AFFIRM** the order of the District Court.

## BACKGROUND

This case arises out of the Bernard Madoff ("Madoff") Ponzi scheme. Franck Berlamont is the President and CEO of Geneva Partners, an investment firm in Switzerland that invested in a fund managed by Optimal Investment Services, S.A. ("OIS"), a subsidiary of Banco Santander, S.A. OIS, in turn, had invested significant funds with Madoff.

In June 2009, Berlamont commenced a criminal proceeding in Switzerland (the "Swiss proceeding") accusing OIS and its former Director General, Manuel Echeverría ("Echeverría"), of making misrepresentations concerning its investments with Madoff. [4]

---

[4] In many European jurisdictions, private citizens can initiate criminal proceedings. While in the United States, "a private citizen lacks a judicially cognizable

Thereafter, a Swiss investigating magistrate opened a criminal investigation against Mr. Echeverría on the suspicion of "unlawful management."

In support of the criminal proceeding in Switzerland, Berlamont seeks the production of certain documents relating to an examination of Rajiv Jaitly ("Jaitly"), a former Chief Risk Officer for OIS. The Jaitly Documents were a product of discovery in a case formerly pending before the United States District Court for the Southern District of New York, *Rembaum v. Banco Santander, S.A.*, No. 10 Civ. 4095 (S.D.N.Y. 2010).

The plaintiffs in the *Rembaum* case were a group of OIS's investors who brought civil claims in New York similar to those of Berlamont in the current Swiss criminal proceeding. Knowing that Jaitly held a management position at OIS from 2005 to 2007, the parties sought to examine him regarding OIS's conduct with respect to its Madoff investments. On May 3, 2012, the *Rembaum* Court issued a Letter Rogatory to the English High Court of Justice requesting that Jaitly's examination be ordered and conducted in London. The English High Court granted the application and ordered the examination of Jaitly. On July 16, 2012, Jaitly was

---

interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), European courts have a long tradition of tolerating private prosecutions. *See generally* Morris Ploscowe, *The Development of Present-Day Criminal Procedures in Europe and America*, 48 Harv. L. Rev. 433, 437 (1935) ("The Germanic procedure of Charlemagne and the Anglo-Saxon procedure of nearly the same period still looked upon the redress of most crimes as a private matter . . . . Since crime was in general treated as a private injury, there was no distinction between civil and criminal proceedings.").

Case 1:14-mc-00190-P1 Document 41 Filed 12/18/14 Page 8 of 17
Case 14-2807, Document 90-2, 12/18/2014, 1397266, Page9 of 14

7                                                                      No. 14-2807-cv

examined in London and a transcript was produced. Thereafter, on August 10, 2012, the District Court (Shira A. Scheindlin, *Judge*) dismissed the *Rembaum* action on *forum non conveniens* grounds, holding that Switzerland was the appropriate alternative forum.

Berlamont is now seeking the Jaitly transcript and accompanying exhibits, pursuant to 28 U.S.C. § 1782, a statute that permits federal courts to order document production "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." On June 20, 2014, Judge Gardephe approved Berlamont's *ex parte* application and granted Berlamont leave to subpoena the documents from OIS's counsel in the United States, Hunton & Williams LLP ("H&W").

OIS and H&W moved on June 30, 2014 to vacate the *ex parte* order and quash the subpoena or, in the alternative, for a protective order. After oral argument on July 11, 2014, Berlamont submitted to the District Court a letter addressed to him from the Swiss magistrate investigating Mr. Echeverría, which stated that the Jaitly Documents would be "of great usefulness" to the Swiss proceeding.

On August 4, 2014, Judge Rakoff denied appellants' motions, holding that Berlamont's application satisfied the requirements of § 1782 because, among other things, "[a] complaining witness's presentation of evidence to an investigating magistrate satisfies the 'for use' prong of § 1782." *In re Application of Franck Berlamont for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in*

*Foreign Proceedings*, No. 14 Misc. 190, 2014 WL 3893953, at *1 (S.D.N.Y. Aug. 4, 2014).

On appeal, appellants challenge the lower court's decision on a variety of grounds. They contend that (1) Berlamont's claim does not meet the requirements of § 1782 because, according to appellants, a Swiss investigating magistrate is not a "foreign or international tribunal" within the meaning of § 1782, and that (2) the District Court should have denied Berlamont's application pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, July 27, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231 (referred to in the District Court's memorandum order as the "Hague Convention"), international comity, and Swiss attorney-client privilege. In this opinion, we address appellants' § 1782 claim; finding no error, we affirm the District Court's order granting § 1782 discovery. We also affirm the District Court's order with regard to appellants' other challenges for substantially the reasons outlined in its well-reasoned memorandum order. *See In re Application*, 2014 WL 3893953, at *2.

## II. DISCUSSION

Our review of a District Court decision granting § 1782 discovery involves two inquiries: whether "(1) as a matter of law, . . . the District Court erred in its interpretation of the language of the statute; and (2) if not, whether the District Court's decision to grant discovery on the facts before it was in excess of its discretion." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 79 (2d

Case 1:14-mc-00190-P1 Document 41 Filed 12/18/14 Page 10 of 17
Case 14-2807, Document 90-2, 12/18/2014, 1391266, Page9 of 14

9                                                           No. 14-2807-cv

Cir. 2012).[5] A district court is said to "abuse its discretion" if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (citations and internal quotation marks omitted).

A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. *See Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004). "Once the statutory requirements are met, a district court is free to grant discovery in its discretion." *Id.* at 83–84 (alterations and internal quotation marks omitted).

Appellants argue that Berlamont's discovery request does not meet the requirements of § 1782. They do not dispute that Berlamont's application satisfies the first and third requirements noted above, but they claim that the second—the "for use in a proceeding in a foreign or international tribunal"—requirement of

---

[5] Although our review of a district court's § 1782 ruling is generally a two-step process, the focus of this opinion—and the issue of first impression in this Court—is on step one: whether the District Court erred in interpreting the statute to apply to a foreign criminal investigation conducted by an investigating magistrate.

§ 1782 was not met here because, according to them, a Swiss investigating magistrate is not a "foreign or international tribunal."

The plain language and legislative history of § 1782 contradict appellants' argument. Section 1782 of Title 28 reads, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing *for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.*

28 U.S.C. § 1782(a) (emphasis supplied).

The statute is the product of Congress's efforts, over the past 160 years, to provide judicial assistance in gathering evidence for use in foreign tribunals. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The goals of the law are to provide "equitable and efficacious" discovery procedures in American courts "for the benefit of tribunals and litigants involved in litigation with international aspects" while "encourag[ing] foreign countries by example to provide similar means of assistance to our courts." *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (internal quotation marks omitted).

11                                                    No. 14-2807-cv

The statute's precise scope—as well as its text—has evolved over time. Earlier versions of the statute authorized district courts to allow discovery in a "suit for the recovery of money or property depending in any court in any foreign country," then "in any civil action pending in any court in a foreign country," and later "in any judicial proceeding pending in any court in a foreign country." *In re Letters Rogatory*, 385 F.2d at 1018 (Friendly, J.) (internal quotation marks omitted) (chronicling the changes made to the foreign discovery statute in 1863, 1948, and 1949, respectively).

In 1964, Congress modified the law's scope once more by replacing the words "in any judicial proceeding pending in any court in a foreign country" with the phrase "in a proceeding in a foreign or international tribunal." *Intel Corp.*, 542 U.S. at 248–49. The accompanying Senate Report makes clear that Congress used the word "tribunal" to expand the reach of the law beyond just providing assistance to "proceedings before conventional courts," but also to allow district courts to aid foreign "administrative and quasi-judicial proceedings." *Id.* (quoting S. Rep. No. 88–1580, at 7 (1964)). The Report specifically highlighted Congress's intention to allow federal courts to "have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries." S. Rep. No. 88–1580, at 7 (1964).[6]

---

[6] In expanding the applicability of § 1782 to encompass investigating magistrates, Congress was implicitly recognizing the differing roles of judges and prosecutors in foreign jurisdictions, particularly in Europe. *See S. Union Co. v. United States*, 132 S. Ct. 2344, 2371 (2012) ("The prosecutor/adjudicator plays an important role in many

12                                            No. 14-2807-cv

Congress's most recent textual change, in 1996, cemented the statute's applicability to foreign criminal investigations. The amended statute explicitly covered "criminal investigations conducted before formal accusation." National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104–106, § 1342(b), 110 Stat. 186.[7] Commenting on the added language, the Supreme Court in *Intel* noted that "[n]othing suggests that this amendment was an endeavor to rein in, rather than to confirm, by way of example, the broad range of discovery authorized in 1964." *Intel Corp.,* 542 U.S. at 259 (citing S. Rep. No. 88–1580, at 7 (1964)). The *Intel* Court then made clear, "[w]hen Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Id.* at 258–59 (internal quotation marks omitted).

The Swiss criminal investigation in the instant case is exactly the type of proceeding that the 1996 amendments to the statute were intended to reach. The criminal inquiry is a "proceeding" and an

_____

'European inquisitorial' systems. But those prosecutors, unlike ours, typically are trained formally to be more like neutral adjudicators than advocates."); *see also* Ploscowe, *supra* note 4, at 433 ("In Europe . . . a criminal proceeding is a judicial inquiry. It is the duty of judges to ferret out the facts. They do not wait for the truth to emerge from the contentions of the opposing parties. An investigating magistrate dominates the preliminary stages in the most serious criminal cases. He is expected to make the thorough investigations necessary to bring out the truth and prepare the case for trial.").

[7] By adding this clause, Congress formalized the application of § 1782 to investigating magistrates that our Circuit had recognized since the statute was amended in 1964. *See, e.g.*, *In re Letters Rogatory*, 385 F.2d at 1019 (reviewing the legislative history of the 1964 amendment to § 1782 to conclude that district courts have discretion to grant assistance where proceedings are pending before investigative magistrates in foreign countries).

"investigation" being conducted by a Swiss magistrate. [8] The defendant, Mr. Echeverría, has already been charged. And the investigating magistrate has explicitly stated that the Jaitly Documents would be "of great usefulness to [his] inquiry." Thus, the District Court did not err in finding that the Jaitly Documents are "for use in a proceeding in a foreign or international tribunal" as required by § 1782.

Having concluded that the District Court did not err in its interpretation of the language of the statute, we also hold that appellants' remaining arguments are without merit substantially for the reasons given by the District Court.

## CONCLUSION

To summarize: we hold that 28 U.S.C. § 1782 permits district courts to order the production of discovery for use in a foreign criminal investigation being conducted by an investigating magistrate.

---

[8] We note that investigating magistrates or public prosecutors, as they are sometimes called, serve an impartial role in the Swiss criminal justice system. *See* Gwladys Gilliéron, *Wrongful Convictions in Switzerland: A Problem of Summary Proceedings*, 80 U. Cin. L. Rev. 1145, 1147 (2012) ("[The Swiss public prosecutor] is obliged to investigate in an objective and neutral way and must therefore take into account both the incriminating and the exculpatory circumstances."). Accordingly, the Swiss investigating magistrate or public prosecutor is akin to the French *juges d'instruction*, which Judge Friendly held out as the paradigmatic example of a "tribunal" for the purposes of § 1782, principally because "his aim is simply to ensure that justice is done." *In re Letters Rogatory*, 385 F.2d at 1020 (internal quotation marks omitted).

14                                        No. 14-2807-cv

For the reasons stated above, we **AFFIRM** the August 4, 2014 order of the District Court denying appellants' motion to vacate the discovery order and quash the subpoena.

14-2807
*In Re Application for an Order*

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

Present:      John M. Walker, Jr.,
              José A. Cabranes,
              Susan L. Carney,
                        *Circuit Judges.*

_____

In Re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

_____

Optimal Investment Services, S.A., Hunton & Williams LLP,
*Movants-Appellants,*

v.                                                                    14-2807-cv

Franck Berlamont,
*Appellee.*

_____

The Court is in receipt of appellants' petition, dated December 15, 2014, for rehearing or rehearing *en banc*. The Court is also in receipt of appellants' motion seeking a stay of issuance of the mandate pending filing and disposition of a petition for a writ of certiorari in the Supreme Court of the United States. Finally, the Court is in receipt of appellee's motion seeking an order to compel the appellants to produce the documents at issue in the case.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that appellants' motion for a stay is **DENIED**. Pursuant to our discretion under Federal Rule of Appellate Procedure 41(d)(1), the mandate shall issue on Thursday, December 18, 2014 at 10:00 a.m. for the limited purpose of compelling discovery, unless the Court receives, by electronic filing, a letter from one or both of the parties indicating that the Swiss magistrate has extended the discovery deadline. The petition for rehearing or rehearing *en banc* shall be decided in the normal course.

2

Appellee's motion to compel emergency production of the documents is also **DENIED** insofar as it should be addressed by the District Court in the first instance.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2